UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1, DERRICK ARMSTRONG,
D-12, JOSEPH JONES,
D-22, VINCENT WYNN,
D-25, DAVID ROSARIO,
and others,

    Defendants.

Case No. 06-20663
HON: AVERN COHN

_____/

## AMENDED MEMORANDUM AND ORDER[1]

I.

This is a criminal case involving charges of (1) (Count One) Conspiracy to Distribute 5 Kilograms or More of Cocaine (21 U.S.C. §§ 846(a)(1), 841(a)(1), and 841(b)(1)(A)(ii)(II)); and (2) (Count Two) Conspiracy to Launder Monetary Instruments (18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 1956(h), and 1957).

The defendants named above, along with other, are charged in Count Two:

> knowing that the property involved represented the proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, the distribution of cocaine, a felony under Title 21, United States Code, Section 841(a)(1), did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other, and with others, both known and unknown to the grand jury, to conduct and/or cause to be conducted financial transactions which involved the proceeds of said unlawful activity, with intent to

---

[1] Amended for corrections to statutory numbers and other, minor changes.

>   promote the carrying on of said unlawful activity, to conceal and/or disguise the nature, location, source, ownership and control of the proceeds of the said unlawful activity, to avoid transaction reporting requirements under federal law and/or to engage, in monetary transactions, by, through or to a financial institution in criminally derived property of a value greater than $10,000.00, such property having been derived from said unlawful activity. . . .

Each of these defendants has pled not guilty. Trial is scheduled to **begin Monday, August 10, 2009 at 9:00 a.m**.

Now before the Court are motions as follow:

>   Defendant Armstrong's Second Motion to Sever (Doc. 410)
>
>   Defendant Armstrong's Motion for Discovery and Disclosure (Doc. 414)
>
>   Defendant Wynn's Motion to Dismiss Indictment (Doc. 467)
>
>   Defendant Rosario's Motion for Bill of Particulars (Doc. 418)
>
>   Defendant Rosario's Motion to Dismiss Count Two Because of Duplicity and Improper Venue (Doc. 419)

Each of the motions is DENIED. The reasons follow.

II.

Initially the Court notes that the government has filed a preliminary witness list as to Overt Acts Only, listing the witnesses it intends to call at trial as to each of the defendants, and an exhibit list as to Overt Acts Documents as to each of the defendants. The government has also represented in open court that it has provided each of the defendants full discovery. Additionally, the Court has twice tried various defendants named in Count One and Count Two, so that these defendants are fully apprised of the nature of the drug conspiracy underlying their alleged money laundering activities.

III.

Derrick Armstrong asks that the charges against him be severed on the grounds that he has been improperly joined under Fed. R. Crim. P. 8(b) and that he will suffer substantial prejudice if he is jointly tried with the other defendants, Fed. R. Crim. P. 14. As pointed out by the government, Armstrong has not shown that he will be denied a fair trial by being tried with others who engaged in similar conduct based on the same underlying specific unlawful activities. The jury will be instructed that it must distinguish Armstrong's conduct from that of the other defendants.

As stated by the government:

> One example directly related to this case is the trial that took place in November of 2007 with Benjamin Smith and Brian Garrett, who were tried together. Garrett was charged with both money laundering and drug conspiracy; Smith was only charged in the drug conspiracy. Both were found guilty, but Garrett was convicted of money laundering only. Several witnesses testified about only one defendant while several others testified about both defendants. Clearly, the jury was able to distinguish between witnesses, evidence and charges. It would be no different in this money laundering case: several witnesses can testify as to all of the defendants while others can testify as to some of the defendants individually. It would be a waste of judicial and government resources, and more importantly, there is simply no prejudice to putting these money laundering defendants on trial together. Carefully crafted jury instructions can address the jury's responsibility to evaluate the evidence and charges against each defendant separately.

As to Armstrong's motion for discovery, the Court is satisfied that with the knowledge of the witnesses who will testify in the government's case, as well as the exhibits the government intends to offer, he has been fully informed of the nature of the government's proofs at trial.

IV.

Wynn asks that the indictment be dismissed, as the Court understands, essentially because he is not guilty because his activities which form the basis of the government's case against him were those of a real estate broker engaged in regulated transactions. If such is the case, Wynn will have the opportunity at trial to establish this. The indictment states in part:

> 17. It was further part of the unlawful conspiracy that VINCENT D. WYNN acted as a nominee and otherwise facilitated the purchase of 5173 Brandywine, Frisco Texas utilizing the drug proceeds of Demetrius Edward Flenory in order to conceal the true source, nature and ownership of the funds involved in this transaction.
>
> 18. It was further part of the unlawful conspiracy that VINCENT D. WYNN made several monthly payments with funds from his personal bank account totaling more than $99,000 toward the purchase of the residence located at 5173 Brandywine, Frisco, Texas.

It will be the jury's task to decide whether or not the government has proved Wynn's activities as above described beyond a reasonable doubt.

V.

Rosario's request for a bill of particulars has been denied for the same reason that Armstrong's request for discovery has been denied. The government has fully informed Rosario of the nature of the case against him.

Rosario asserts two (2) reasons obligating the Court to dismiss the indictment:

- Count Two charges a separate and distinct crime against him; it combines a number of money laundering conspiracies into a single conspiracy

- Venue is improper in the Eastern District of Michigan; all of the activities relating to the charge against him occurred outside this district

4

Rosario is named in a number of paragraphs of Count Two:

- Paragraph 1: Rosario was one of a group of named persons who knew that the monies they were dealing with represented the proceeds of unlawful activity particularly the distribution of cocaine. These activities occurred in the Eastern District of Michigan and elsewhere. Among these persons were Terry Lee Flenory and Demetrius Edward Flenory

- Paragraph 5: Rosario and others of the persons named would act as nominees in various financial transactions concealing the fact that the funds involved were the proceeds of the sale of cocaine

- Paragraph 8: Rosario and others of the persons named would take amounts of cash derived from the sale of cocaine and engage in various financial transactions including purchase or lease of real estate

- Paragraphs 20-26: The paragraphs attached as Exhibit A relate particularly to the activities of Rosario

As to the assertions that multiple conspiracies are charged, the government's brief in response states:

> Count Two of the First Superseding Indictment charges 20 individuals with agreeing with each other to launder monetary instruments. It is clear from the context of Count Two that the central individuals in the conspiracy were Terry Flenory and Demetrius Flenory and that their activities were central to the involvement of all of the co-conspirators. It is also clear that the several paragraphs detailing the acts of the various conspirators indicate a variety of acts designed to advance the conspiracy, all of which are consistent with the overall goal of the conspiracy and none of which is at cross-purposes to that goal. Not every act in furtherance of the money laundering conspiracy is alleged, nor need it be alleged at this point. Defendants confuse substantive money laundering counts with a conspiracy: they argue these motions as if specific, substantive acts have been, or should have been, charged. But defendants are not the authors of the indictment, and their challenges fall short of supporting dismissal.
>
> The fact that defendant Rosario may not have known all of the other defendants or known every aspect of the

5

conspiracy does not render this count duplicitous. Further, a single conspiracy can be established by evidence that a conspirator knew *or had reason to know* that others were involved in a broad project to violate the law, in this case to launder monetary instruments. United States v. Sureff, 15 F.3d 225, 230 (2d Cir. 1994).

On the basis of the principles noted in Maldonado-Rivera,[2] Count Two on its face charges a single conspiracy, and there is no legal basis for it to be dismissed. Moreover, the government acknowledges that there are not separate and distinct substantive money laundering counts, which seems to be what defendant is arguing is required. Defendant confuses specific allegations, which could be described as overt acts, which provide defendant notice of the charges he faces, with duplicity.

As to venue, 18 U.S.C. § 1956(i)(2) provides:

A prosecution for an attempt or conspiracy offense under this section . . . may be brought in . . . any . . . district where an act in furtherance of the attempt or conspiracy took place.

As stated by the government:

In this case, the evidence will disclose that drug proceeds were generated in various locations throughout the country, the proceeds were transported to and from Detroit, Michigan and other locations, to California to Joseph Jones, who then engaged in a series of banking transactions with David Rosario, which transactions were designed to conceal the true source and nature of the funds. The evidence will further show that Rosario and others used these funds, in part, to obtain real property, which was placed in nominee names, including but not limited to David Rosario, Joseph Jones and Taria Lewis. Venue lies appropriately in Michigan.

---

[2] United States v. Maldonado-Rivera, 922 F.2d 934, 962–63 (2d Cir. 1990) ("[T]he question of whether one or more than one conspiracy has been established is a question of fact for a properly instructed jury.").

6

Other arguments raised by Rosario relate to the evidence to be introduced by the government at trial and the jury's reaction, or to the instructions or form of the verdict.

SO ORDERED.

                         s/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated: April 16, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 16, 2009, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager, (313) 234-5160